UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re<br><br>AMY E. DEACON and<br>PETER A. DEACON,<br><br>Debtor | Chapter 13<br>Case No. 05-12245-RS |
|---|---|

## MEMORANDUM OF DECISION ON
## COMPENSATION AND REIMBURSEMENT OF FINNERAN & NICHOLSON, P.C.

Before the Court is an application by the Debtors' counsel, Finneran & Nicholson, P.C., requesting service compensation and expense reimbursement for the period January 7, 2005 through August 17, 2005 ("Request") ("Counsel").[1] The Chapter 13 Trustee objects to the Request ("Trustee") ("Objection"). On September 8, 2005, I conducted a hearing on the Request and the Objection. Having considered the Request, the Objection, the arguments and presentations at the hearing, and the record of the case to date, the Court makes the following findings and rulings.

### REQUEST AND OBJECTION

Counsel seeks $10,110.40 in fees and $911.43 in expenses for the covered period. Counsel holds a $3,274.25 retainer balance applicable to these fees and expenses. In furtherance of the Request, Counsel has submitted the application together with two engagement and fee agreements (pre-bankruptcy and bankruptcy), a narrative and a separate summary of services, detailed time entries, and a listing of expenses. The submissions reflect the following: (a) Counsel is charging $10,110.40 for 42.17 service hours related to case preparation and case

---

[1] The Debtors commenced the within case on March 23, 2005. The Request encompasses bankruptcy-related services pre-dating the case.

handling (which computes to a $237 mixed hourly rate) and (b) Counsel is electing not to charge for additional case-related service hours (some relating to the Request and the Objection) having an hourly rate value in excess of $5,000.

The Trustee raises four discrete though somewhat overlapping objections to the Request. First, the Trustee cites specific time entries she challenges as excessive, unwarranted, duplicative, and/or unclear. These encompass 22.76 service hours charged at $6,123.42. The Trustee does not advance an alternative value for these services, deferring to the Court's discretion in respect of any disallowance (partial or full).

Second, the Trustee objects to the 19.03 service hours dedicated to case commencement matters as excessive and unwarranted. These service hours are charged at $5,042.95. The Trustee again does not advance an alternative value for these services, deferring again to the Court's discretion.

Third, the Trustee expresses as a generalized basis for partial disallowance or downward adjustment two separate factors: one, that the requested legal costs exceed the proposed aggregate plan distribution to general unsecured creditors; and two, that, at the time of the Request, there was not a confirmed plan (nor is there yet one at present).

Fourth, the Trustee characterizes the case as "uncomplicated" and advances (at the hearing) the proposition that Counsel's legal fees should not exceed $2,500 to $5,000 ("most Chapter 13 attorneys in this type of case could have handled it for either the standard $2,500, or at the very most perhaps twice that, for $5,000").[2] Each point of objection merits some

---

[2]The Trustee is almost certainly referring to the local rule requirement that pre-plan confirmation compensation requests in excess of $2,500 are subject to an itemized application drill. See MBLR 13-7(c). The Court is unaware of any "standard" Chapter 13 fee otherwise imposed upon applicants in this district.

2

discussion.

**DISCUSSION**

The Court starts with the unremarkable proposition that Counsel is held to a compensability standard with respect to the Request: the Court may allow reasonable compensation for Counsel's services, taking into account the benefit and necessity of such services to the Debtors as well as other requisite factors (such as time spent, rates charged, case or matter complexity, and the like). 11 U.S.C. §§ 330(a)(4)(B), 330(a)(3), and 330(a)(1)(A) and (B). That is to say, I am to consider and rule on the Request in accordance with the usual and customary rubric attendant upon fee and expense requests in bankruptcy cases. See *In re LaFrance*, 311 B.R. 1, 18-21 (Bankr.D.Mass. 2004); *In re Smuggler's Beach Properties, Inc.*, 149 B.R. 740, 742-743 (Bankr.D.Mass. 1993).

The Request, the case docket, and the Court's observation of proceedings and submissions within the case all reflect a garden-variety Chapter 13 case: from commencement to U.S. Trustee and creditor meetings to plan and stay skirmishes to schedule and plan amendments and beyond. Hence at least impliedly, the Objection raises a fundamental issue: whether the Court should impose some limitation, cap, ceiling, or price for cases that appear to require a customary and standard level of skill, competence, and service and not more.

In any event, the Trustee's objections are neither lightly made nor lightly considered. She is experienced in all aspects of the Chapter 13 process, on a daily basis dealing with the fundamentals, the complexities and the costs incident to cases as they evolve (and devolve) within that process. Her assessment of services and the charges suitable to such services is seasoned and, in many ways, authoritative. Here, however, in the circumstances of this case and

3

in the legal and analytical framework above noted, the Objection must fail.

*First*, as to the objectionable time entries: the Court has examined these entries and finds no material instances of unclear, unwarranted, or excessively charged services. Perhaps other lawyers would have spent less time or provided more lucid descriptions but the actual service descriptions and the services themselves are neither obscure, disproportionate, nor duplicative, and they are certainly not so athwart the applicable law and rules that disallowance is appropriate.

*Second*, as to the objectionable case commencement charges: the Trustee offers no alternative level of legal cost that would here be warranted; nor does she dispute that *some* case commencement-related services are both necessary and beneficial. Hence, the Court can only conclude that some judicial guesswork is expected on this issue, and the Court is not willing to engage in such an exercise. Full disallowance would be unsuitable, and partial disallowance would be arbitrary. Spending two days plus on the consultation, analysis, and paperwork needed to responsibly launch a Chapter 13 case may be more than typically occurs but does not seem egregious.

*Third*, as to the Trustee's concern that legal costs exceed unsecured creditor distributions and that there is not yet a confirmed plan: I am willing to take these factors into account (and I herein do so) but, absent some more problematical set of circumstances, while they may have *some* relevance to compensation allowance, they are far from dispositive. In this case, I am not willing to convert Counsel from striving professional to outcome guarantor or to subordinate otherwise reasonable fees to that outcome.

*Fourth*, as to the Trustee's recommendation that I select and allow a fee in the $2,500 to

4

$5,000 range: while the Trustee may disavow the intention, her approach sounds very much like a one-size-fits-all or flat-fee template. This is not what the law requires, and it is not what I am willing to do. I *am* willing to take note of the Trustee's assessment (and I herein do so) that the fees and services in this case are more elevated and extended than the Trustee observes in garden-variety cases. I am not willing to impose a limitation of general application in lieu of case by case consideration of services and charges. If Counsel costs more than other comparably effective lawyers, then the market may work an adjustment. Here, the services and charges are within the contemplation of Section 330 and are evaluated within that framework.

Is there a level of fee that would be disproportionate in a given case? Is outcome a factor at all? Does it matter what creditors receive? These are valid questions not here definitively answered for all cases. The fees here may be higher than usually seen; no confirmed plan has emerged; creditors are getting what's available. These are elements of the background against which the Request is being considered—no less but no more.

## CONCLUSION

While the Trustee's breadth and depth of experience and her commendable vigilance merit careful consideration of her views in a given case (and indeed received it in *this* case), the Court rejects the one-size-fits-all template (if that is indeed what the Trustee seeks) and accepts the Trustee's observation that this case may be costing more than most comparable cases but concludes that the requested compensation is reasonable, beneficial, and necessary in accordance with the requirements of 11 U.S.C. § 330. Therefore, a separate order will enter overruling the Trustee's Objection and granting the Request. The Court's order will allow fees in the

amount of $10,110.40 and expenses in the amount of $911.43, for a total of $11,021.83, against which Counsel shall apply the $3,274.25 retainer balance.

Date: December 19, 2005

/s/ Robert Somma
Robert Somma
United States Bankruptcy Judge

cc: Doreen Solomon, Esq., Chapter 13 Trustee
    Donald H. Adler, Esq., for Applicant

6